Paul R. PARKER, Petitioner *v.* Sharon PRIEST, In Her Official Capacity as Secretary of State of the State of Arkansas, Respondent; Mike Wilson, Individually and On Behalf of The Committee to Promote Arkansas, Intervenors

96-995                                                            932 S.W.2d 320

Supreme Court of Arkansas
Opinion delivered October 28, 1996

*William Randal Wright,* for petitioner.

*Winston Bryant,* Att'y Gen., by: *Kay J. Jackson DeMailly,* Asst. Att'y Gen., for respondent.

*David A. Couch,* for intervenors.

SANDRA SMITH HOCHSTETTER, Special Justice. The Intervenors in this case have filed a Motion to Disqualify me on the basis of an alleged conflict of interest. Intervenors claim that I have a working relationship with the Friday law firm and Mr. James Simpson, attorneys for Amendment 4, which is an alternate gambling proposal to Intervenors' Amendment 7. Because of this purported relationship, Intervenors claim that there is, at a minimum, an appearance of impropriety. However, for the reasons set forth below, I would deny Intervenors' Motion to Disqualify.

Canon 3B(1) of the Arkansas Code of Judicial Conduct states that "a judge shall hear and decide matters assigned to the judge except those in which disqualification is required."

Disqualification on the basis of relationships is addressed in Canon 2B which states in pertinent part that "a judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgement."

In this case, Intervenors allege that I have a working relationship with Mr. James Simpson and the Friday law firm. In support thereof, Intervenors cite a pending case between NorAm Gas

Transmission Company and Par Oil Corporation in which Friday, Eldredge & Clark represents NorAm Gas Transmission Company. Intervenors also claim that Mr. James Simpson regularly represents Arkla.

The facts, however, are as follows. I do not know Mr. Simpson and have never worked with him. Mr. Simpson does not regularly represent Arkla, nor does any other attorney with his firm. Over the past twelve years Arkla has only retained the services of the Friday law firm twice, and I was not involved with either case. I represent Arkla, not NorAm Gas Transmission Company, so any case involving NorAm Gas Transmission Company, which is a separate corporation from Arkla, is entirely outside the realm of my involvement or control.

Since I have no relationship with either Mr. Simpson or the Friday law firm, there can be no bias, prejudice, or influence to possibly create a conflict of interest. The absence of any relationship further means that there can be no appearance of impropriety or any reasonable basis to question my judicial impartiality. Accordingly, as there is no conflict of interest, real or apparent, there is no basis for disqualification, and Canon 3 B(1) requires that I "shall hear and decide matters" assigned to me. I would therefore deny Intervenors' Motion to Disqualify.